IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ADAM EUGENE SUPPES,**

                          **Petitioner,**

        v.                                       **CASE NO. 22-3224-JWL-JPO**

**STAFFORD COUNTY,**

                          **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner Adam Eugene Suppes, who is proceeding pro se, is a pretrial detainee being held at the Rice County Jail in Lyons, Kansas, and facing state criminal charges in Stafford County, Kansas. For the reasons set forth below, Petitioner will be required to show good cause, in writing, why this action should not be dismissed under the abstention doctrine set out in *Ex Parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37, 46 (1971).

**Rule 4 Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were

never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

In his petition, Petitioner raises one ground for relief: that his Eighth Amendment rights are being violated by a setting of excessive bail despite evidence that he is not guilty of the crime or crimes with which he is charged. (Doc. 1, p. 6.) As relief, Petitioner asks the Court to reduce his bail amount. *Id.* at 7.

The Court first notes that 28 U.S.C. § 2241 "is the proper avenue by which to challenge pretrial detention." *See Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007). However, requests for pretrial habeas corpus relief are not favored. *Jones v. Perkins*, 245 U.S. 391-92 (1918). "[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act that was required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Ex Parte Royall*, 117 U.S. at 251-52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that a federal court generally should not intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an

adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997).

If these three circumstances are present, federal abstention is mandatory unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Extraordinary circumstances that warrant federal intervention in ongoing state criminal proceedings include cases "'of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.*

The petition in this case does not allege the type of circumstances under which *Ex Parte Royall* allows federal court intervention in a state criminal prosecution. Petitioner does not allege that he has been criminally charged for acts done under the authority of a federal law or foreign government, that his case involves foreign relations, or any reason why the State of Kansas should not be allowed to resolve Petitioner's constitutional claims. Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in state court. The criminal case against Petitioner is ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws, *see In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007); and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings, *see Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993). Therefore, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in Stafford County.

Finally, "'[a] threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate

courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971). The petition now before the Court does not establish exhaustion, and it is Petitioner's burden to do so. *See Miranda v. Cooper*, 967 F.3d 392, 398 (10th Cir. 1992.) Thus, it appears that this matter is subject to dismissal in its entirety. *See Arter v. Gentry*, 201 F. Appx. 653, 653-54 (10th Cir. 2006) (unpublished) (affirming dismissal of pretrial habeas petition because 1) the petitioner "failed to allege exhaustion of his state remedies, 2) state habeas relief was available to him, and 3) the *Younger* abstention doctrine" applied.).

Petitioner is therefore directed to show cause, in writing, on or before October 31, 2022, why this matter should not be dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response to this order will result in this matter being dismissed without further prior notice to Petitioner. In addition, Petitioner remains obligated to either pay the statutory filing fee of $5.00 or submit a motion to proceed in forma pauperis. (*See* Doc. 2.)

**IT IS THEREFORE ORDERED** that Petitioner is directed to show cause, in writing, on or before October 31, 2022, why this matter should not be dismissed without prejudice for the reasons set forth in this order.

**IT IS SO ORDERED.**

DATED:   This 30th day of September, 2022, at Topeka, Kansas.

S/ James P. O'Hara

JAMES P. O'HARA
United States Magistrate Judge