IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ADAM EUGENE SUPPES,**

                      **Petitioner,**

      **v.**                                       **CASE NO. 22-3224-JWL-JPO**

**STAFFORD COUNTY,**

                      **Respondent.**

### **MEMORANDUM AND ORDER**

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner Adam Eugene Suppes, who is proceeding pro se, is a pretrial detainee being held at the Rice County Jail in Lyons, Kansas, on state criminal charges pending in Stafford County, Kansas. In his petition, Petitioner raises one ground for relief: that his Eighth Amendment rights are being violated by a setting of excessive bail despite evidence that he is not guilty of the crime or crimes with which he is charged. (Doc. 1, p. 6.) As relief, Petitioner asks the Court to reduce his bail amount. *Id.* at 7.

On September 30, 2022, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause why this action should not be dismissed under the abstention doctrine set out in *Ex Parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37, 46 (1971). (Doc. 3.) The NOSC explained that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. In 1886, the United States Supreme Court described some limited circumstances in which such intervention might be proper, *see Ex Parte Royall*, 117 U.S. at 251-52, none of which appear to exist in this matter.

In 1971, the United States Supreme Court held that a federal court should not intervene in

1

ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger*, 401 U.S. at 46. Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). These three circumstances seem to be present here, making federal abstention mandatory unless extraordinary circumstances require otherwise. *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Thus, the NOSC directed Petitioner to show cause why this matter should not be dismissed.

Petitioner filed a response to the NOSC, in which he asserts his innocence and explains the events that led to his being charged in state court. (Doc. 4.) He claims certain individuals involved with charging him are biased based on familial relation to the alleged victim. *Id.* He again argues that his bail is excessive, considering his financial means and resources. *Id.*

As the NOSC explained, the type of extraordinary circumstances that justify federal intervention in ongoing state criminal proceedings include "'proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction.'" *Amanatullah*, 187 F.3d at 1165. However, a petitioner asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Id.* Although Petitioner alleges that bias was involved in the decision to charge him, his statements are mere allegations. Thus, they do not establish extraordinary circumstances that justify federal intervention here.

Even after carefully considering Petitioner's response to the NOSC, the Court remains convinced that this case does not involve the type of circumstances under which *Ex Parte Royall* allows federal court intervention in a state criminal prosecution. Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecution in state court.

Therefore, this Court must decline to interfere in the state court proceedings against Petitioner.[1]

Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. The Tenth Circuit has held that this requirement also applies to petitions brought under 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 1st day of November, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum

JOHN W. LUNGSTRUM
United States District Judge

---

[1] The Court also notes, that on September 29, 2022, it mailed a notice to Petitioner pointing out that he had neither paid the $5.00 filing fee nor submitted a motion to proceed in forma pauperis (IFP). (Doc. 2.) The notice informed Petitioner that he must pay the fee or file the motion within 30 days or risk dismissal of this action. *Id.* That deadline has now passed and the Court has received neither the fee nor a motion to proceed IFP from Petitioner.